Walteb A. Lynch, J.
In this article 78 proceeding the petitioner seeks an order reinstating him as a bridge and tunnel officer with back pay to and including March 10, 1956. The petitioner alleges that he was duly appointed by the respondent, Triborough Bridge and Tunnel Authority, to the competitive position of bridge and tunnel officer on February 21, 1955, after qualifying under the Civil Service Law of the State of New York; that he was first assigned duties at the Triborough Bridge under respondent’s jurisdiction and thereafter assigned duties at the Brooklyn-Battery Tunnel under respondent’s jurisdiction; that he continued to perform such duties until March 10, 1956, when upon reporting for duty at 6:30 a.m. he was orally notified by a superior officer that he was suspended from duty without pay and accordingly he did not perform his duties that day or thereafter; that on March 12,1956 the petitioner received from respondent a registered letter, a photostatic copy of which is annexed to the petition and marked Exhibit A, confirming the oral notification of suspension; that the oral suspension as confirmed by said letter was illegal and in violation of section 22 of the Civil Service Law of the State of New York, in that no charges were forwarded to or given to petitioner in connection with that suspension; that up to the time of verifying the petition on March 12, 1956, petitioner had not been served with any specification of charges and was completely ignorant of the reasons for said suspension.
The respondent’s answer denies paragraph 5 of the petition, which alleges that the oral suspension of petitioner as confirmed by the letter of March 12, 1956 (Exh. A) was illegal, and admits all other essential allegations in the petition. The answer also contains a defense that the charges preferred against the petitioner were incorporated in detail in the registered letter forwarded to him on March 13, 1956, a copy of which is annexed to the answer and marked Exhibit 1, and that the suspension and charges served on petitioner were lawful and *132 in accordance with section 22 of the Civil Service Law of the State of New York.
The aforesaid letter of March 13, 1956 sets forth 13 specific dates and times when the petitioner is charged with either failing to register or improperly registering the classification of vehicles passing through his lane, in violation of certain rules of respondent. This letter further states that if found guilty petitioner will be subject to removal from his position, unless a lesser penalty will be deemed sufficient; that the petitioner is permitted to answer in writing by a certain date and sets a date for a hearing “ on the foregoing charges
The purpose of section 22 of the Civil Service Law was to prevent the suspension without pay for a long period of time before giving the employee a hearing. In the instant case petitioner was orally suspended on March 10, 1956 and three days thereafter was served by registered mail with the specifications of the charges and with a notice that if found guilty after a hearing for which a date was set petitioner will be subject to removal from his position unless a lesser penalty will be deemed sufficient. It is the opinion of the court that there has been substantial compliance with the statute and that the intent of the Legislature has been fulfilled.
Application is denied and petition dismissed.